1

2

3

4

5                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
6                              AT SEATTLE

7    KELLY B.,

8                          Plaintiff,            CASE NO. C19-5430-MAT

9           v.

10   ANDREW M. SAUL,                             ORDER  RE: SOCIAL SECURITY
     Commissioner of Social Security,            DISABILITY APPEAL
11
                           Defendant.
12

13          Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

14   the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's

15   application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law

16   Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

17   memoranda of record, this matter is AFFIRMED.

18                         **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1961.[1]  She obtained a GED and previously worked as an

20   administrative assistant and senior secretary.  (AR 27, 51.)

21          Plaintiff protectively filed a DIB application in May 2016, alleging disability beginning

22   June 6, 2015. (AR 192.)   The application was denied at the initial level and on reconsideration.

23
     ───────────────────
            [1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

     ORDER
     PAGE - 1

On March 26, 2018, ALJ Rebecca Jones held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 35-86.) Plaintiff amended her onset date to March 15, 2016. On May 25, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 15-29.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on March 19, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's major depressive disorder vs. bipolar disorder, anxiety disorder, and substance abuse disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant can perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, but with the following non-exertional limitations: simple, routine, repetitive tasks in an environment free of fast-paced production requirements, involving only simple work-related decisions, and few, if any, workplace changes; work that does not require contact with the public;

occasional superficial contact with co-workers and occasional contact with supervisors after initial training period. With that RFC, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as an office helper, mailroom clerk, and laundry sorter.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends the ALJ erred at step five and in relation to the opinion of a treating counselor. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Step Five</u>

Plaintiff avers the ALJ failed to meet her burden of production in identifying only light jobs at step five. Specifically, she maintains error in finding her "not disabled" based on such jobs

because, under Medical Vocational Guideline or "grid" Rule 202.04, she is deemed disabled, beginning at age fifty-five, if limited to light unskilled work. 20 C.F.R. Pt. 404, Subpt. P, App. 2 at § 202.04. She points to *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995), in support.

In *Distasio*, the ALJ found a claimant capable of light work, with limitations, while the VE testified the claimant could perform only sedentary jobs. *Id*. at 349. The ALJ accepted the VE's testimony without qualification. The Ninth Circuit found application of the appropriate sedentary work grid rule should have resulted in a finding of disability. *Id*. at 349-50 (citing *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989) (once the testimony of a VE establishes the level of work a claimant can perform, the ALJ is bound by the favorable results dictated by the grids)). The Court found the VE's testimony belied the ALJ's finding the combination of exertional and non-exertional limitations did not limit the claimant to sedentary work. Because the ALJ failed to produce evidence of any light work the claimant could perform and produced only evidence of sedentary jobs, the ALJ's decision to use a light work grid rule lacked the support of substantial evidence. *Id*.

The ALJ in this case did not limit plaintiff to any category of exertional work. She found plaintiff capable of work at all exertional levels and assessed only non-exertional limitations associated with plaintiff's mental impairments. In this circumstance, the ALJ properly utilized the grids as a framework for decision-making and relied on the testimony of a VE. *See Cooper*, 880 F.2d at 1155 ("[W]here a claimant suffers solely from a nonexertional impairment, the grids do not resolve the disability question; other testimony is required.") The VE testified that, with the assessed RFC, plaintiff could perform the jobs of office helper, mailroom clerk, and laundry sorter. (AR 82-83.) The VE did not, as in *Distasio*, find plaintiff limited to jobs at a specific exertional level. Nor did she restrict her testimony to the three jobs identified. The VE provided "some

examples[]" of jobs that would satisfy various hypotheticals offered by the ALJ. (AR 82.) *Distasio* is therefore distinguishable and provides no basis for remand. *See, e.g., Aaron G. v. Saul*, C19-0246-MAT, 2019 U.S. Dist. LEXIS 156962 at *10 (W.D. Wash. Sep. 13, 2019) (distinguishing *Distasio* given the identification of light jobs the plaintiff could perform and the absence of VE testimony limiting the claimant to sedentary work); *Myles v. Colvin*, No. 14-cv-09122, 2015 U.S. Dist. LEXIS 95701 at *12 (C.D. Cal. July 21, 2015) (VE did not contradict ALJ's proposed RFC that claimant could perform light work with certain limitations, "whereas in *Distasio*, the [VE] testified that only sedentary work would be appropriate.") *Cf. Earnshaw v. Comm'r of SSA*, No. 08-56004, 2009 U.S. App. LEXIS 25087 at *1-2 (9th Cir. Nov. 16, 2009) ("Because the [VE's] testimony designated only one job Earnshaw could perform, within the sedentary category, the sedentary grid rules apply.") (citing *Distasio*, 47 F.3d at 350).

Plaintiff also avers error in the identification of the mailroom clerk job based on an unresolved conflict between that job's general education development reasoning level of three, *see* Dictionary of Occupational Titles (DOT) 209.687-026, and the RFC limitation to simple work. *See Zavalin v. Colvin*, 778 F.3d 842, 846-48 (9th Cir. 2015) (holding "reasoning level 3" work is in inherent conflict with an RFC restriction to simple, repetitive tasks and that the ALJ was required to ask the VE to explain the conflict). However, as the Commissioner observes, the other jobs identified at step five provide for a significant number of jobs – 585,000 in total – in the national economy. *See, e.g., Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (25,000 jobs in several regions of the country constituted significant numbers of jobs to support step five finding). As such, any error in the inclusion of the mailroom clerk job is properly deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where substantial evidence supports the conclusion, an error in the assessment may be

deemed harmless; the relevant inquiry "is not whether the ALJ would have made a different decision absent any error, . . . [but] whether the ALJ's decision remains legally valid, despite such error.")

Counselor's Opinion

Plaintiff assigns error to the ALJ's consideration of evidence from her treating mental health counselor Cheryl Deviny, MA, LMHC. As described by the ALJ:

> In a January 2016 medical source statement to the Washington State Department of Ecology, Ms. Deviny confirmed that she started treating the claimant in June 2015. She opined that the claimant's new supervisor aggravated her mental health symptoms by creating a harassing and intimidating work environment. She also opined that the claimant's difficulties with her job functions did not stem from her mental health disability, but due to her supervisor's demeaning treatment, her changed job demands and expectations, and the removal of the simple accommodation of being able to work from home two days per month. She concluded that the claimant could return to her previous successful performance level if she was provided a different work environment or supervisor and could work from home two days per month. Ms. Deviny had a treating relationship with the claimant. Her opinion regarding the claimant's ability to return to work within seven months of initiating therapy is consistent with the overall medical evidence of record, including her progress notes. Her opinion is also consistent with the medical evidence indicating that the claimant's symptoms respond fairly well to medications. In addition, the claimant's ability to complete her activities of daily living, babysit her grandson, and travel is consistent with Ms. Deviny's opinion. The undersigned gives Ms. Deviny's opinion significant weight.

(AR 25 (internal citations to AR 406, 426-27, 430).)

Plaintiff avers error in the ALJ's failure to adopt the opinion she would need to work from home up to two days per month. She asserts harmful error given the VE's testimony more than one absence per month on a regular basis would result in termination. (AR 84.) Again, however, the Court finds no error established.

ORDER
PAGE - 6

The ALJ's decision should reflect consideration of opinion evidence from "other sources" such as Ms. Deviny and the ALJ may discount the evidence by providing reasons germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cited sources omitted). An ALJ need not provide reasons for rejecting an opinion where the ALJ incorporates an opinion into the RFC. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 122-23 (9th Cir. 2010). The ALJ's findings need only be consistent with, not identical to limitations assessed. *See id.* (ALJ properly incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by a physician). The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, SSA*, 807 F.3d 996, 1006 (9th Cir. 2015). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ here properly addressed the evidence from Ms. Deviny. The assignment of significant weight did not require the ALJ to incorporate any specific statement in the medical source statement into the RFC.

Nor is it otherwise reasonable to suggest the ALJ was required to have incorporated the limitation suggested by plaintiff. A claimant's RFC is not an assessment of limitations pertaining to past work or to any specific job. RFC is "the most" a claimant can "still do" despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). Ms. Deviny did not opine as to functional limitations as a general matter. As reflected in the ALJ's decision, Ms. Deviny's letter explicitly addressed plaintiff's return to work at the Department of Ecology (AR 25) and included the opinion plaintiff could return to that work "[i]f provided a different work environment or different supervisor and [the] reasonable accommodation for her

disability." (AR 427 ("I have reviewed the ten bulleted items describing performance problems in her present job. While it is true [she] struggles with listed job functions, I believe the cause of these problems was not her disability, but of changed job demands and expectations, demeaning treatment by her supervisor, and the removal of the simple accommodation of being allowed to work from home up to two days per month. She had a long successful career prior to these changes.")) At step four, the ALJ found plaintiff not capable of performing any of her past work. (AR 27.)

The ALJ reasonably accorded significant weight to the evidence from Ms. Deviny addressing plaintiff's ability to return to her past work and properly assessed an RFC reflecting the most plaintiff could still do despite her mental impairments. Contrary to plaintiff's assertion, this conclusion does not reflect an improper post hoc rationalization. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009) (the Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") It merely reflects a necessary response to plaintiff's assignment of error, which entails an unreasonable interpretation of the evidence.[2]

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>10th</u> day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

[2] The Commissioner also accurately notes the VE did not provide any testimony regarding the ability to work, either generally or in a prior job, with an accommodation of working from home twice a month. The VE testified chronic absences from work exceeding one day a month would result in termination. (AR 84.)

ORDER
PAGE - 8